■ CORNING-PAINTED POST AREA SCHOOL DISTRICT, Appellant-Respondent, v VILLAGE OF PAINTED POST, Respondent-Appellant. [614 NYS2d 950] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: This case was previously before our Court (Corning-Painted Post Area School Dist. v Village of Painted Post, 175 AD2d 578, lv dismissed 78 NY2d 1072). At that time, we affirmed the order of Supreme Court that (1) denied the Village's motion for summary judgment to dismiss the District's complaint, (2) granted the District's motion to dismiss the Village's first affirmative defense, and (3) granted so much of the District's motion for summary judgment on its complaint as asserted an entitlement to share

in the payments in lieu of taxes collected by the Village from owners of urban development projects. We affirmed that order for reasons stated in the decision of Justice Finnerty. In that decision, the court stated: "Plaintiff's application for summary judgment is granted on so much of its claim as asserts an entitlement to share in the PILOT moneys collected by the Village of Painted Post. However, a determination of the exact percentage of the PILOT moneys to which the plaintiff is entitled and the period of time over which it may collect is inherently factual in nature. Therefore, plaintiff is not entitled to a final judgment as a matter of law (CPLR 3212 [c], [e]). Additionally, as the issue of the statute of limitations has not been fully briefed, defendant Village will be allowed the opportunity to address this issue in a separate motion."

Further proceedings were conducted before a different jurist because of the demise of Justice Finnerty. That court found that the District is not entitled to share in PILOT payments prior to September 8, 1989. We agree. The court erred, however, in finding that the District's entitlement to share in payments subsequent to September 8, 1989 was "subject to compliance with the requirements of CPLR 9802 and [General Municipal Law §] 50-e." The issue of entitlement to such payments had been determined previously. Thus, we modify the order by deleting so much of the second ordering paragraph as conditioned plaintiff's entitlement to prospective payments. Because Supreme Court failed to calculate the exact percentage of payments to which the District is entitled, we remit the matter to Supreme Court for that limited purpose. (Appeals from Order of Supreme Court, Steuben County, Purple, Jr., J.—Dismiss Complaint.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.